UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY NAFSO, by her next friend KAVIN NAFSO,

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. and FARMERS INSURANCE
CO.,

Case No. 10-15112
Honorable Julian Abele Cook, Jr.

       Defendants.

ORDER

The Defendants, State Farm Mutual Automobile Insurance Co. ("State Farm") and Farmers Insurance Co. ("Farmers"), have been accused by the Plaintiff, Nancy Nafso, through her next friend, Kavin Nafso, of unreasonably refusing to pay personal protection no-fault benefits to her.

Currently before the Court are (1) State Farm's motion to dismiss or, in the alternative, to compel Nafso's attendance at an independent medical examination, and (2) Farmers' motion for summary judgment. Nafso has not responded to either motion as of this date.

I.

In her complaint, Nafso alleges that she, while sitting as a passenger in her daughter's automobile during the month of December 2009, was seriously injured in a motor vehicle accident. At the time of the accident, her daughter, Zena, was insured by State Farm. According to the Michigan No-Fault Act, Nafso - as a resident relative of the insured - is entitled to seek and obtain

personal injury protection benefits under this policy. Mich. Comp. Laws § 500.3114(1) (personal protection insurance policy applies "to accidental bodily injury to the person named in the policy, the persons spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident"). However, State Farm, believing that the accident which serves as the basis for Nafso's complaint never occurred, denied her claim for uninsured motorist and personal injury protection benefits. She also sought to obtain personal injury protection benefits from Farmers, which was the Michigan Assigned Claims Facility carrier that was assigned to this claim. Farmers also rejected her claim.

Feeling aggrieved, Nafso commenced the instant litigation in the Wayne County Circuit Court of Michigan, which was subsequently removed by the Defendants to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. On May 10, 2011, State Farm filed a motion to dismiss Nafso's complaint or, in the alternative, to compel her attendance at an independent medical examination. State Farm states that, although it had scheduled - and, through her attorney, provided proper notice of - three separate examinations, as permitted under Mich. Comp. Laws § 500.3151, Nafso failed to appear each time.

Subsequent to the filing of State Farm's motion, Nafso's counsel filed a motion to withdraw as her representative in this case.[1] The Court granted that motion in May 2011, and stayed the proceedings in this case for a period of thirty days in order to allow Nafso time to retain substitute counsel. However, as of this date, no counsel has filed a notice of appearance. On September 13th, the Court issued an order in which it directed Nafso to respond to State Farm's motion on or before

---

[1]The grounds for his request are those found in Michigan Rules of Professional Conduct 1.16(b)(3) ("a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent") and (6) ("other good cause for withdrawal").

September 30th. As of this date, Nafso has not filed a response.

On September 22nd, State Farm filed a supplemental brief in support of its motion in which it stated that it had scheduled a fourth examination for June 7th "in the hopes that [Nafso] would appear and [its] motion could be withdrawn." (State Farm's Supp. Br. at 2). However, according to State Farm, the following series of highly unusual events occurred: On June 7th, at approximately 3:00 p.m. (one hour before the examination was scheduled to occur), Zena (Nafso's daughter) called State Farm and advised one of its representatives that she had been trying, without success, for over an hour to get her mother out of bed and that, therefore, her mother would not be able to attend the examination. As it turned out, an investigator was conducting a surveillance of Nafso on State Farm's behalf during this time period. Fifteen minutes after Zena's phone call to State Farm, Nafso was seen leaving her home and entering a vehicle driven by a young woman. The investigator subsequently lost the vehicle in traffic. At 4:45 p.m. on the same date, Nafso was seen carrying a white garbage bag from the garage of her home to the curb. Later that evening, she was seen leaving her home and entering the same vehicle, again driven by the same young woman. The investigator also reported that Nafso was witnessed shopping at two different stores, pushing a shopping cart, and carrying various parcels (including a child's car seat) with one or both hands. Additionally, the investigator noted that, throughout all of these activities, Nafso walked, moved, and bent over without any apparent difficulty or the aid of any noticeable orthopedic device or brace. Many of these actions were reportedly video recorded by the investigator.

On October 21st, Farmers filed a motion for summary judgment in which it contended that it is not in the proper order of priority to pay the personal injury protection benefits that Nafso seeks. Despite being ordered by the Court to respond to this motion by November 18th, Nafso has

not filed any response.

II.

A.      State Farm's Motion to Dismiss

Because the jurisdiction of this Court is founded on the parties' diversity of citizenship, Michigan substantive law governs. *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). The Michigan No-Fault Act provides that, "[w]hen the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians. A personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits."[2] Mich. Comp. Laws § 500.3151. This Act also provides for various court-imposed penalties for a claimant's failure or refusal to comply with § 3151, including, but not limited to, the following:

> (a) An order that the mental or physical condition of the disobedient person shall be taken to be established for the purposes of the claim in accordance with the contention of the party obtaining the order.
>
> (b) An order refusing to allow the disobedient person to support or oppose designated claims or defenses, or prohibiting him from introducing evidence of mental or physical condition.
>
> (c) An order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it.
>
> (d) An order requiring the disobedient person to reimburse the insurer for reasonable attorneys' fees and expenses incurred in defense against the claim. . . .

---

[2]The State Farm policy also includes a provision which requires a personal injury protection claimant to submit to a medical examination.

Mich. Comp. Laws § 500.3153.

This provision does not require - as a condition precedent - that a court first order a claimant to submit to a medical examination before imposing a sanction of dismissal if she subsequently fails to comply with that order. In the ordinary case, however, the Court would be disposed to issue such an order, along with an explicit warning to the claimant that a dismissal is a possibility. *See, e.g.*, *Villaflor v. State Farm Mut. Auto.*, No. 07-13939, 2008 WL 2224280, at *3 (E.D. Mich. May 28, 2008) ("While [Mich. Comp. Laws] § 500.3151 does not require issuance of a court order prior to the conduct of a physical or mental examination, prior to imposing the sanction of dismissal it is appropriate to enter and order for a medical examination and warn the party of the potential consequences of violating the order."). However, this does not appear to be an ordinary case, as it is apparent that Nafso intends neither to comply with her obligations under § 3151 nor, in light of her failure to respond to the pending motions, to prosecute her case.

Under these unusual circumstances, the Court concludes that a dismissal, with prejudice, of the instant action is an appropriate sanction. *See Payne v. State Farm Ins. Co.*, No. 202711, 1998 WL 1989580, at *1 (Mich. Ct. App. Oct. 16, 1998) (affirming dismissal where "[p]laintiff's behavior during the prosecution of her action can best be described as uncooperative and obstructionist with regard to allowing defendant access to her medical record"). Therefore, the Court grants State Farm's motion to dismiss.

B.  Farmers' Motion for Summary Judgment

Farmers believes that it is entitled to the entry of a summary judgment because, pursuant to Mich. Comp. Laws § 500.3172(1) ("A person entitled to claim because of accidental bodily

injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if no personal protection insurance is applicable to the injury . . . ."), a claimant is not entitled to personal injury protection benefits from an assigned claims facility if there is another no-fault insurance policy applicable to the injury. Inasmuch as State Farm has acknowledged that it would be the highest order of priority to handle Nafso's claim, Farmers cannot be liable for Nafso's claim under § 3172. *See Cason v. Auto Owners Ins. Co.*, 450 N.W.2d 6, 10 (Mich. Ct. App. 1989) (affirming summary judgment in favor of assigned claims facility because it could not be liable under § 3172 where different insurer had higher priority). Therefore, Farmers has shown "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and the entry of a summary judgment in its favor it appropriate.

### III.

For the reasons that have been set forth above, the Court grants (1) State Farm's motion to dismiss this action (ECF No. 14) and (2) Farmers' motion for summary judgment (ECF No. 22).

IT IS SO ORDERED.

Date: March 16, 2012              s/Julian Abele Cook, Jr.
                                  JULIAN ABELE COOK, JR.
                                  U.S. District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 16, 2012.

s/ Kay Doaks
Case Manager
